UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0121-TWP-MJD-1 |
| | ) | |
| DANIEL JOSEPH WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on May 4, 2017, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 20, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 25, 2017, defendant Daniel Warren appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Warren of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Warren questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Warren and his counsel, who informed the court they had reviewed the Petition and that Mr. Warren understood the violations alleged. Mr. Warren waived further reading of the Petition.

3. The court advised Mr. Warren of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Warren was advised of the rights he would have at a preliminary hearing. Mr. Warren stated that he wished to waive his right to a preliminary hearing.

4. Mr. Warren stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Warren orally waived the preliminary hearing in open court, and the court accepted that waiver.

5. The court advised Mr. Warren of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Warren, by counsel, stipulated that he committed Violation Numbers 1 and 2, set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |

The offender submitted five positive urine drug screens which tested positive for amphetamine and marijuana on the following dates: January 25, 2017; January 3-, 2017; February 8, 2017; February 13, 2017; April 18, 2017. Additionally, on May 3, 2017, and May 4, 2017, Mr. Warren submitted positive urine drug screens which tested positive for marijuana. He admitted he smoked marijuana and methamphetamine to produce each positive screen.

**2**     **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees for substance abuse testing and/or treatment."**

The offender failed to report for a drug treatment session on April 3, 2017, stating he forgot to attend. On April 17, 2017, the offender reported for a drug treatment session and his drug counselor stated he intended to collect a urine screen from the offender on that date. The offender cursed at the counselor, refused to submit a urine screen, and left the office, failing to comply with a second drug treatment session. On April 27, 2017, the offender failed to appear for a random urine drug screen.

The offender submitted dilute urine screens on January 30, 2017; February 13, 2017; and April 15, 2017.

7. The Court placed Mr. Warren under oath and directly inquired of Mr. Warren whether he admitted violations 1 and 2 of his supervised release set forth above. Mr. Warren admitted the violation as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Warren's criminal history category is IV.

(c) The range of imprisonment applicable upon revocation of Mr. Warren's supervised release, therefore, is 12 - 18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a term of imprisonment. The defendant argued for release.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, DANIEL JOSEPH WARREN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include the condition that he shall reside in a residential reentry center for a term of up to 180 days and shall abide by the rules and regulations of the facility and that, in addition to the mandatory conditions of supervision, the following conditions of supervised release be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants,

job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

    Justification: Conditions 1 – 13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provide, location, modality, duration, intensity, etc.).

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g. synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

18. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

    Justification: Conditions 14-19 are recommended based on the offender's history of substance abuse.

20. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment.

21. You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility.

Mr. Warren reviewed the above conditions with his attorney and waived further reading of them.

Both parties stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Warren entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561

*et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Warren's supervised release to include residing at the Residential Reentry Center for a period of up to 180 days with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Warren is to self-surrender upon designation. Mr. Warren is released and is to follow the terms of supervised release pending designation.

IT IS SO RECOMMENDED.


Date: June 23, 2017

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana



Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal