UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-0121-TWP-MJD |
| ) | |
| DANIEL JOSEPH WARREN, ) | - 01 |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On February 1, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 10, 2018. Defendant Warren appeared in person with his appointed counsel Dominic Martin. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Warren of his rights and ensured he had a copy of the Petition. Defendant Warren waived his right to reading of the Petition and to a preliminary hearing.

2. After being placed under oath, Defendant Warren admitted Violation Nos. 1 and 2 as set forth in the Petition. [Docket No. 78.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from an unlawful use of a controlled substance."** |
| | Daniel Warren submitted a urine screen on December 6, 2017, which tested positive for marijuana. The offender admitted he smoked marijuana to produce this positive screen. The offender has submitted three negative screens since his positive screen. |
| 2 | **"The defendant shall not use or possess alcohol."** |
| | On November 23, 2017, Indianapolis Police Department officers were called to the offender's residence on a report of an alleged domestic battery and criminal confinement. The offender's girlfriend, Tonya Bauman, reported he struck her and confined her. No charges were filed in this case, as police and prosecutors determined the case involved mutual combatants. Police did note the offender appeared to have been drinking alcohol on the day this incident occurred, as was also alleged by his girlfriend. The offender later admitted to the probation officer that he did drink alcohol on this date. On December 15, 2017, the offender again admitted to the probation officer his recent use of alcohol, "drinking a beer occasionally," after he tested positive for marijuana use. |

4. The Court finds that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The parties agreed to revocation with a sentence below the guideline range of 30 days incarceration, with eighteen months of supervised release to follow.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant committed Violation Nos. 1 and 2 as set forth in the Petition, and recommends that Defendant's supervised release be revoked, and

that he be sentenced to the custody of the Attorney General or his designee for a period of thirty (30) days with eighteen (18) months of supervised release to follow. Upon release, in addition to the mandatory conditions of supervision, the following conditions will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall

permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not use or possess alcohol.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

19. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

21. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: Substance Abuse. The probation officer shall determine your ability to pay and any schedule of payment.

Defendant reviewed the foregoing conditions and they were reviewed by Defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to self-report to the U.S. Marshal's Office on February 2, 2018 by 9:00 a.m. and be taken into federal custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to this Report and Recommendation.

Dated: 1 FEB 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system